UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 26-23997-CIV-MORENO**

ALEJANDRO MOREJON VIDAL,

Petitioner,

vs.

WARDEN KROME SERVICE PROCESSING CENTER, in his official capacity; ACTING DIRECTOR DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement, in his official capacity; SECRETARY MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his official capacity; TODD BLANCHE, Acting Attorney General of the United States, in his official capacity,

Respondents.

_______________________________________/

**ORDER TO SHOW CAUSE**

THIS CAUSE came before the Court upon a *sua sponte* review of the record.

This Petition for Writ of Habeas Corpus is Petitioner's second petition for relief and it is premised on *Zadyvas v. Davis*, 533 U.S. 678 (2001) and *Clark v. Martinez*, 543 U.S. 371 (2005). In *Zadyvas*, the Supreme Court held that 6 months is a presumptive time period that is reasonable for the government to remove an alien. After 6 months, if the alien shows there is no significant likelihood of removal in the foreseeable future, the burden shifts to the government to rebut the showing with specific evidence showing removal is likely in the foreseeable future.

In response to this habeas petition, Respondents mainly argue that the six months were not yet up and the Petitioner's *Zadyvas* claim was premature. That argument is now moot since the removal

order was entered in January 2026 and more than six months have passed. Petitioner also argues he met his initial burden under *Zadyvas* that removal is not likely in the foreseeable future because he is Cuban and Cuba will not accept his repatriation. Under *Zadyvas,* the burden then shifts to the Respondents to provide concrete proof to rebut Petitioner's position. The Respondents only state that Petitioner declined to sign a removal order to Mexico. It provides no other evidence to rebut the Petitioner's showing. Therefore, it is

ADJUDGED that Respondents shall show cause with concrete evidence that removal of Petitioner is reasonably foreseeable by no later than **October 30, 2026**. Concrete record-based evidence could be proof of a travel-document submission acknowledged by a receiving country, and an individualized removal itinerary linking Petitioner's A-Number to a specific transit. If Respondents fail to file such response, then the Court shall order Petitioner's immediate release with monthly reporting conditions.

DONE AND ORDERED in Chambers at Miami, Florida, this 3rd of October 2026.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record